Curran v. Buckles.

---

No. 23,234.

JOHN P. CURRAN, *Appellee,* v. ROBERT F. BUCKLES, *Appellant.*

SYLLABUS BY THE COURT.

REFORMATION OF DEED—*Elimination of Assumption of Mortgage—Demurrer to Evidence Properly Sustained on Grounds of Ratification, Laches and Estoppel.* The proceedings examined, and *held,* a demurrer to evidence offered in support of a contention that a deed should be reformed by eliminating assumption of a mortgage by the grantee, was properly sustained on the grounds of ratification, laches, and estoppel.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed November 12, 1921. Affirmed.

*W. H. Edmundson,* of Fredonia, for the appellant.

*J. T. Cooper,* of Fredonia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the holder of a note secured by mortgage, against the grantee of the mortgaged premises, to recover on a covenant assuming the mortgage, contained in the grantee's deed. The plaintiff recovered, and the defendant appeals.

On July 10, 1914, Forriss, then owner of the land, contracted to trade it for land belonging to the defendant. A realty company was made depositary of deeds and other papers. The defendant was allowed twenty days from July 10 in which to approve the land he was to receive, and unless

his disapproval were filed within that time, the exchange of property became absolute. Deeds were to be deposited within twenty days, and the depositary was authorized to deliver them. There were two mortgages on the land which the defendant was to receive, a first mortgage for $4,500, and a second mortgage to the Mackie-Clemens Fuel Company for $1,150. The deed of Forriss to the defendant was dated and acknowledged on July 29, and was left with the depositary. The deed contained the covenant referred to, and was filed for record on August 5, 1914. The defendant accepted the property. He testified the deed was filed for record by the depositary before he made final examination of the property. Examination of the property on or after August 5 was unimportant, because he was obliged, by the contract, to file disapproval, should he disapprove, on or before July 30. The defendant admitted he had an opportunity to examine the deed before it was left with the depositary. He testified he did not examine it very thoroughly, and expected to examine it more thoroughly when he looked at the land again. In September, 1915, an action was commenced to foreclose the first mortgage. On November 3, 1915, the fuel company filed a cross-petition, asking foreclosure of the second mortgage. Personal judgment against the defendant was prayed for, based on the assumption clause contained in his deed. The defendant read the pleadings, knew their contents, and on November 30, 1915, moved to set aside the service on him, which had been made by publication. Judgments of foreclosure were entered, the land was sold, and the defendant redeemed from the sale. The present action was commenced to recover the amount due on the fuel company note, which was not satisfied by the foreclosure sale. The ground of the defendant's liability was the covenant contained in his deed from Forriss. On February 9, 1919, the defendant answered. The answer was that the note was assigned to the plaintiff after the defendant had redeemed from the foreclosure sale, and that the defendant had a counterclaim against Forriss. This answer was abandoned, and on November 20, 1919, the defendant filed another, on which the case was tried. The position then taken was that the defendant did not assume the mortgages described in his deed, and that the assumption clause was inserted in the deed through a mistake of the scrivener, which was not discovered until after the foreclosure suit was commenced. The burden of proof was placed on the de-

Curran v. Buckles.

fendant. He testified that at the time of the trade he discussed with Forriss the subject of assumption of mortgages. He was willing to assume the first mortgage, but he refused to assume the fuel company mortgage. He received the deed and was owner of the land. He did not know the deed provided he should assume the fuel company mortgage, until the foreclosure suit was commenced. His first answer in the case was admitted in evidence as a part of his cross-examination. The court sustained a demurrer to the defendant's evidence.

The burden of proof was properly placed on the defendant. The deed was a formal instrument, delivered by the grantor and accepted by the grantee, and presumptively expressed the intention of the parties. The burden rested on the defendant to overcome the presumption and, if parol evidence were depended on, he was obliged to produce proof of clear and convincing character, establishing mistake beyond reasonable controversy.

The deed purported to create a liability on the part of the defendant to any holder of the fuel company note, and indicated the defendant had become principal debtor, while Forriss had become surety only. Relying on the deed, a person might safely purchase the note, ignoring Forriss and the real-estate security. The facts which have been stated probably warrant imputing to the defendant knowledge of the contents of the deed when it was delivered and he took possession under it. However this may be, the defendant's primary liability was actually asserted in the foreclosure suit commenced within a little more than a year after the deed was delivered. He was then definitely apprised of the contents of the deed. He did not deny liability, and he redeemed the land from sale as owner by virtue of the deed. He neglected to take steps to have the deed reformed, and he suffered the plaintiff to purchase the note after the real-estate security had become worthless. When sued by the plaintiff, he tacitly confessed liability by his first answer. Not until November 20, 1919, did it occur to him to dispute his deed. It is not necessary to discuss the unsatisfactory character of the proof offered in support of the belated call upon the court to rewrite the deed. It is quite manifest that ratification, laches and estoppel are all disclosed, and the demurrer to the evidence was properly sustained.

The judgment of the district court is affirmed.